## H. K. WINANS V. THE GIBBS & STARRETT MANUFACTURING COMPANY.

1. RECEIVER—*Jurisdiction—Comity.* A receiver has no extra-territorial jurisdiction, and cannot, as a matter of strict right, go into a foreign state or jurisdiction and there institute an action for the recovery of demands or debts due to the person or estate subject to his receivership. But the courts generally, and very properly, recognize the receiver's extra-territorial right of action as a matter of comity, and therefore frequently, upon courtesy, when no detriment will result to the citizens of the state where the action is brought, permit the receiver to maintain and prosecute an action outside of his own state or jurisdiction.

2. NOTE—*Guaranty—Consideration.* Where a note is executed to the payee by the makers thereof for a valuable consideration, and such note before the delivery to the payee is guaranteed in writing upon the back thereof by another party, the consideration from the payee to the makers is sufficient to support the guaranty. The consideration need not pass directly from the party giving it to the party receiving it. It is enough if a benefit arises to the party for whom the guaranty is given, or the party receiving the guaranty is or may be injured by it.

*Error from Anderson District Court.*

THIS action was originally commenced by the Gibbs & Starrett Manufacturing Company against A. L. Serene, J. H. Serene, and H. K. Winans, before a justice of the peace. The bill of particulars alleged that said company was a corporation under the laws of the state of Pennsylvania, and was a corporation at the time the cause of action arose, and that it owned the promissory note set out in the bill of particulars; that the defendants were indebted to the plaintiff in the sum of $120, with interest thereon at the rate of 10 per cent. per annum from the 25th day of September, 1880, except the payment of $5 on the 3d day of December, 1881. A copy of the note attached to the bill of particulars was as follows:

"$120.          GARNETT, KAS., September 25, 1880.

"On or before the 1st day of December, 1880, for value received, —— promise to pay to the order of the Gibbs & Starrett Manufacturing Company one hundred and twenty

dollars, payable at Anderson County Bank, with interest at 10 per cent. per annum from date until paid. For the purpose of obtaining credit as herein expressed, I certify that I own in my own name 80 acres of land, worth $—— over all incumbrances, and over —— $800 worth of personal property over and above all indebtedness. The express conditions of the sale and purchase of the Climax mower No. — and reaper attachment No. —, for which this note is given, is such that the title, ownership or possession does not pass from the said Gibbs & Starrett Manufacturing Company until this note and interest is paid in full; that the said Gibbs & Starrett Manufacturing Company have full power to declare this note due, and take possession of the said machine at any time they may deem themselves insecure, even before the maturity of the note; and I hereby agree to pay 10 per cent. attorney's fees as liquidated damages, if this note has to be sued. Waiving exemptions and appraisements. A. L. SERENE.

J. H. SERENE.

Witness: H. K. WINANS.

"P. O. address, Welda, Kas.

"Taken by Winans's agent."

The following appears on the back of the note:

"For value received, we guarantee the payment of the within note, and hereby waive protest, demand and notice of non-payment thereof. H. K. WINANS."

To the bill of particulars, A. L. Serene and J. H. Serene filed their answer, setting up, first, a denial of all the allegations of plaintiff's bill of particulars; second, that plaintiff had not legal capacity to sue; third, that there was no consideration for the instrument sued on, and that there was a total failure of consideration therefor. This answer was verified by A. L. Serene. H. K. Winans filed a separate answer: First, a general denial of all the allegations in said bill of particulars; second, that the plaintiff had not legal capacity to sue; third, that plaintiff was indebted to him in the sum of $241.96; fourth, that there was no consideration for the instrument sued on. This answer was verified by H. K. Winans. The plaintiff below filed a reply to the answer of H. K. Winans, denying all the allegations therein, which reply

was verified by Manford Schoonover, attorney for plaintiff. Upon these issues, the case was tried before the justice, and was taken from there to the district court by appeal, where the case was tried by the court and jury upon the same pleadings as before the justice. At the September term, 1888, judgment was rendered in favor of the manufacturing company and against all of the defendants, for $216.70 and all the costs. *H. K. Winans* excepted to the judgment, and brings the case here.

*W. A. Johnson,* and *J. G. Johnson,* for plaintiff in error.

*Kirk & Bowman,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It appeared upon the trial that the Gibbs & Starrett Manufacturing Company was a corporation organized under the laws of the State of Pennsylvania; that on the 11th day of December, 1882, Fred. W. Ames was appointed receiver for the corporation by the court of common pleas of Crawford county, in Pennsylvania. Under the appointment, Ames was receiver of the property and assets of the corporation, wheresoever the same were situated, and he had all the rights, powers, and privileges, and was subject to all the duties and liabilities of a receiver, according to law and the rules and practice in courts of equity. The trial court instructed the jury that —

"There has been introduced in evidence a decree or judgment of the court of common pleas of Crawford county, Pennsylvania, appointing a receiver for this company. I say to you, as a matter of law, that this action may still be prosecuted in the name of the corporation in this jurisdiction, the Gibbs & Starrett Manufacturing Company, notwithstanding the appointment of this receiver."

It is contended that, as the statute of this state gives the receiver, under the control of the court, power to bring and defend actions in his own name, to take and keep possession of the property, to receive rents, collect debts, and vests in him

the only power for these purposes, he is the only person who is authorized to sue for and collect debts due the estate; that the corporation he represents has lost all control over the property — lost the right of possession, the right of its management in every respect; that it cannot maintain any action to collect debts due, any more than a stranger can. (Civil Code, § 257.)

It is the established doctrine of the supreme court of the United States, sustained by the weight of authority in various states, that the receiver has no extra-territorial jurisdiction or power of official action, and cannot, as a matter of right, go into a foreign state or jurisdiction and there institute an action for the recovery of demands or debts due to the person or estate subject to his receivership. (*Booth v. Clark*, 17 How., U. S., 322; High, Rec., § 239.)   While the courts have generally denied the receiver extra-territorial right of action as a question of strict right, it has frequently been recognized as a matter of comity. (High, Rec., § 241.)   If Ames, the receiver of the corporation, under direction of the court which appointed him, had commenced this action in Anderson county to recover, as receiver, upon the note sued on, we think he should have been permitted, as a matter of comity, to maintain the same.   But the action was not commenced by the receiver; it was brought in the name of the corporation, the original party in whose favor the action accrued.   The receiver, having been appointed by a Pennsylvania court, is not controlled by the statute of this state relating to receivers.   Under the decisions of the court of Pennsylvania, the receiver can only sue in the name of the original party, not in his own name. (*Yeager v. Wallace*, 44 Pa. St. 294.)   The appointment of a receiver in Pennsylvania did not destroy the corporation, and, in view of the decisions limiting the power of a receiver in bringing actions, the instruction given by the trial court was a correct exposition of the law.   This action was properly brought in the name of the corporation in whose favor it accrued.

As it appears from the testimony of Winans that the note

was given for the consideration of a span of horses, and as the consideration was not insufficient, or in any way failed, the warranty of machines had no application. Before the note was delivered or accepted by the corporation, the payment was guaranteed by Winans in writing. The consideration to the makers alone would be sufficient to support the guaranty. (*Fuller v. Scott*, 8 Kas. 25; *Briggs v. Latham*, 36 id. 205; Daniel, Neg. Inst., § 1759; Brandt, Guar., § 7; Tiedeman, Com. Paper, § 417, and cases therein cited.) Even if the guaranty was given in accordance with the contract between Winans and the manufacturing company, there would have been a sufficient consideration to support it. (*Standley v. Miles*, 36 Miss. [7 George] 434.) The other alleged errors do not need comment.

The judgment of the district court will be affirmed.

All the Justices concurring.