WILLIAM D. HALE (as receiver of the American Savings & Loan Association), Appellant, v. IDA K. HARRIS and CALEB C. HARRIS, Appellees.

**Foreign Receiver:** ASSIGNEE OF IOWA MORTGAGE: *Right to fore-close.* In a suit by a foreign receiver, as such, to foreclose a mortgage, a demurrer interposed on the ground that the receiver had no capacity to sue in the courts of the state should have been overruled, where the petition alleged that the mortgage, one given on property in Iowa, had been assigned to the receiver.

*Appeal from Tama District Court.*—HON. OBED CASWELL, Judge.

THURSDAY, OCTOBER 25, 1900.

THE plaintiff herein is the foreign receiver and assignee of a foreign corporation. A demurrer to the petition was interposed on this ground. The demurrer was sustained, and the plaintiff appeals.—*Reversed.*

*Springer & Clary* for appellant.

*Caldwell & Walters* for appellees.

SHERWIN, J.—The corporation of which the plaintiff is receiver was a savings and loan association duly organized and existing under the laws of the state of Minnesota. It was a mutual association, and the general nature of its business was declared to be to assist its members in saving money, and buying and improving real estate, and in loaning its accumulated funds to such members. Its business was not confined to the state of Minnesota, and the petition alleges that on the fifteenth day of March, 1888, it fully complied with the laws of Iowa relating to foreign building and loan associations. In 1888, Ida K. Harris became a member of

the association, and the holder of a certificate for 16 shares of its stock. Thereafter she procured a loan from the association, and executed her note therefor, and secured the same by a mortgage upon real estate in Tama county. This action was brought to foreclose that mortgage.

The plaintiff was appointed receiver by the courts of Minnesota, and duly qualified as such on the eighteenth day of June, 1896; and he alleges that on the twenty-seventh day of June, 1896, the savings and loan association assigned and transferred to him as such receiver the note and mortgage in suit. The plaintiff concedes that he has no absolute right to sue as receiver in the courts of this state, but urges that he should be permitted to do so on the ground of comity between the states and as an assignee. In *Ayres v. Siebel,* 82 Iowa, 347, we have the strongest case decided by this court in support of the demurrer. While the plaintiff in that case was a trustee, and the court expressly called attention to that fact, and said that it was not to be understood as dealing with the application of a receiver to sue in the courts of this state, language was used tending to hold that a receiver could not sue without express statutory authority to do so. In the subsequent cases of *Parker v. Lamb,* 99 Iowa, 265, and *Wyman v. Eaton,* 107 Iowa, 214, the doctrine of comity was referred to in deciding the cases, but not fully discussed. In the former case the plaintiff was the receiver of a foreign insurance company which had done business in this state without complying with the statute relating thereto. The court said: "It is possible that, if this contract of insurance was one which, under the laws of this state, might lawfully be made, it would be a proper case in which the courts of this state would entertain and determine such an action. The contract of insurance, so far as the right of the company to insure property in this state is involved, is void. * * * It being admitted that there was not even an attempt to comply with the law, the plaintiff is in no

position to demand that under any policy of comity he is entitled to maintain the action." The case of *Hurd v. City of Elizabeth,* 41 N. J. Law, 3, is cited, and this language therefrom quoted: "The more correct definition of the legal rule would be that a receiver cannot sue, or otherwise exercise his functions in a foreign jurisdiction, whenever such acts, if sanctioned, would interfere with the policy established by law in such foreign jurisdiction." In *Wyman v. Eaton, supra,* the court uses this language: "Admitting, for the sake of the argument, the rule that comity controls as to the authority of plaintiff to sue in this state, and as we have in effect said, the record leaves us without doubt that its exercise should be denied, because it would be in contravention of the rights of our citizens, and operate to their injury." Although these cases were determined upon the facts presented in each, it may with reason be said that the doctrine of comity between states was not expressly recognized, if it was not, in fact, the intention of the court to fully repudiate it; but, as another branch of this case is presented which will determine it, we will say nothing further in relation to the comity which it is claimed should prevail between states in matters of this kind.

The plaintiff alleged in his petition that the note and mortgage upon which suit was instituted was duly assigned to him after his appointment as receiver. The demurrer to the petition was on the ground of want of capacity to sue in the courts of this state, and was sustained on that ground alone. It is true the suit was brought in plaintiff's name "as receiver of the American Savings and Loan Association," but the words "as receiver," etc., may, we think, be treated as descriptive of the person merely, and not as an essential part of the pleading. If this be true, the plaintiff was in court with a petition setting forth his title as receiver and also as an assignee, and, if he might maintain his action in either capacity, it was error to sustain a demurrer to the entire pleading. The demurrer admitted that

plaintiff was the assignee of the note and mortgage in ques-
tion, and also that he held the legal title thereto, because the
assignee holds such title under well-settled principles.   With
the legal title of the instruments vested in him, we know of
no rule of law in this state which denies him the right to
use the courts for the collection of his claim, no matter
where his domicile may be.   It is a familiar rule that a
party holding the title of any instrument may sue thereon,
and no exception to this rule has ever been made against a
non-resident of this state, so far as we are advised.   Indeed,
it has been held in many states where the doctrine of comity
has not been recognized as to suitors in a representative
capacity that the assignee of property may maintain an
action as of right.   *Cole v. Cunningham,* 133 U. S. 107 (10
Supreme Court Rep. 269, 33 L. Ed. 538); *Graydon v.
Church,* 7 Mich., 36; *Gilman v. Ketchum,* 84 Wis., 60 (54
N. W. Rep. 395); *Swing v. Lumber Co.,* 91 Wis., 517 (65
N. W. Rep. 175); *Buswell v. Order of Iron Hall,* 161 Mass.,
224 (36 N. E. Rep. 1065); *Toronto General Trusts Co. v.
Chicago, B. & Q. R. Co.,* 123 N. Y., 37 (25 N. E. Rep.
198).   And see note to *Straughan v. Hallwood,* 8 Am. St.
Rep. 49.   The demurrer should have been overruled.—
REVERSED.

GRANGER, C. J., not sitting.