[L. A. Nos. 685 and 686.   In Bank. — May 9, 1901.]

IOWA AND CALIFORNIA LAND COMPANY, Respondent, v. LILLIAN D. HOAG et al., Appellants.

Foreclosure of Mortgages — Action by Trustee — Appointment out of State — Comity. — A trustee of notes and mortgages, securing the same upon lands in this state, who was appointed by a court of another state, may, upon principles of comity, maintain an action in the courts of this state to foreclose the mortgages, where the rights of domestic creditors are not interfered with, regardless of the question as to the mutuality of the operation of the same principles of comity in the courts of such other state.

Id. — Legal Title of Plaintiff — Assignment of Notes and Mortgages — Pleading — Surplusage. — Where such trustee, when suing to foreclose the mortgages in this state, held the legal title to the notes and mortgages by assignment, he is entitled to maintain the action by virtue of such title, and any averments in the complaint as to his official appointment may be treated as surplusage.

Id. — Real Party in Interest — Assignment to Plaintiff — Protection of Defendant. — The defendant's right to have the suit prosecuted by the real party in interest does not entitle him to object, where the judgment for or against the nominal plaintiff holding the legal title to the chose in action by assignment would protect him from any action upon the same demand by any other person, and where, as against such nominal plaintiff, he may assert all defenses and counterclaims available to him, were the claims prosecuted by the real owners.

APPEALS from judgments of the Superior Court of Riverside County and from orders denying new trials.   J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Charles R. Gray, for Appellants.

H. C. Rolfe, Rolfe & Rolfe, E. W. Freeman, Joseph H. Call, and Hunsaker & Britt, for Respondent.

HENSHAW, J. — Both of these actions were actions to foreclose mortgages executed by the defendants to secure their promissory notes.   The notes and the securities passed by sundry transfers and assignments to the plaintiff.   The questions involved upon these appeals are identical, and the cases may therefore be considered and decided together.

The defendants executed their promissory notes, secured by mortgages upon lands in California, to the Union Loan and Trust Company, a foreign corporation organized under the laws of the state of Iowa. The Union Loan and Trust Company, to secure its debenture bonds, deposited with one Garretson, as trustee, certain notes and mortgages, among which were the ones executed by these defendants. Thereafter the Union Loan and Trust Company became insolvent, and made an assignment to one Hubbard, as assignee for the benefit of its creditors, of all of its remaining right, title, and interest to the securities under the control of Garretson, trustee. Garretson, in turn, became insolvent, and the creditors of the Union Loan and Trust Company filed a bill in equity in the district court of the state of Iowa for the county of Woodbury, a court of general jurisdiction, setting forth these facts, and praying for the removal of Garretson and the appointment of some fit and proper person in his place. The Iowa court rendered its decree in accordance with the prayer of its petitioners, ousting Garretson from his trusteeship and appointing F. B. Hutchins in his place, and empowered him to use all proper means to enforce the collection of the securities so intrusted to him. Under this appointment, Hutchins, as trustee, commenced his action in the superior court of this state to foreclose these mortgages. Before commencement of this action, Hubbard, the assignee for the benefit of creditors, had assigned the notes to Hutchins. Thereafter, and during the pendency of this action in this state, certain other creditors of the Union Loan and Trust Company, and holders of the debenture bonds of that company, attacked and opposed the order and decree of the court appointing Hutchins as trustee, upon the particular ground that the court, by its order and decree, had enlarged the powers of Hutchins as trustee over and above the powers conferred by the articles of trust under which Garretson had been appointed. They pleaded that the court's order authorizing and empowering Hutchins to employ counsel and maintain suits to enforce collections of securities intrusted to him was null and void. After hearing, the district court of Iowa — the same court which had appointed Hutchins trustee — declared and adjudged that its former decree in the premises was a nullity; that Hutchins was without authority or capacity to sue; revoked its order appointing him trustee, and in place thereof appointed him receiver of the property of the

insolvent corporation, conferring upon him the powers with which such an officer is usually clothed. Hutchins then, in turn, sold and transferred the notes and mortgages here in question to other parties, and by mesne transfer they came into the ownership of the Iowa and California Land Company, a corporation organized under the laws of the state of Iowa. These matters having been shown to the California court by amended and supplemental pleadings, an order of substitution on behalf of the Iowa and California Land Company in the place of Hutchins, trustee, was asked for and obtained. By this substituted plaintiff these actions were prosecuted to judgment.

The questions upon this appeal may be thus stated: —

1. May a trustee, as such, commence and maintain an action in a foreign jurisdiction? or is his power and authority so to do coterminous with the jurisdiction or law to which he owes his appointment?

2. Legal titles to these choses in action having been vested in Hutchins by assignment, may he not maintain these actions by virtue of such legal title, the allegations of trusteeship, so far as may be necessary, being treated as mere surplusage?

1. The early rule denied to such officers any standing in a foreign court, but the courts, of late, influenced by a spirit of comity, have inclined to much more liberal views, and it may fairly be said that the prevailing doctrine permits the maintenance of such actions by foreign receivers and like officers, where the rights of domestic creditors are not interfered with. (*Toronto etc. Trust Co.* v. *Chicago etc. R. R. Co.*, 123 N. Y. 37; *Comstock* v. *Frederickson*, 51 Minn. 350; *Boulware* v. *Davis*, 90 Ala. 207; *Winans* v. *Gibbs etc. Mfg. Co.*, 48 Kan. 777; *Hurd* v. *Elizabeth*, 41 N. J. L. 1; *Wilson* v. *Keels*, 54 S. C. 545;[1] *Gilman* v. *Ketcham*, 84 Wis. 60;[2] *Sands* v. *Greeley & Co.* (2 C. C. A.), 88 Fed. Rep. 130; *Parker* v. *Stoughten Mill Co.*, 91 Wis. 174;[3] Alderson's Beach on Receivers, sec. 665; Smith on Receiverships, 165; High on Receivers, sec. 241.) The modification of the rule, as has been said, rests upon the principle of comity,— a principle which the court was reluctant to apply in this particular case, by reason of the fact that the supreme court of Iowa, in *Ayers* v. *Siebel*, 82 Iowa, 347, had refused to

---

[1] 71 Am. St. Rep. 816.         [3] 51 Am. St. Rep. 881.

[2] 36 Am. St. Rep. 899.

recognize the principle, and denied to a foreign trustee the right to maintain an action in its courts.

Mutuality of operation is of the essence of comity, and therefore, since a California trustee would not be permitted to maintain his action in the courts of Iowa, little reason could be perceived for the invocation of the principle of comity to permit an Iowa trustee to maintain a like action in the courts of this state. In the later case of *Hale* v. *Harris*, 83 N. W. Rep. 1046, the supreme court of Iowa evinces a disposition to modify its views in this regard. But, apart from that, we think that the rule permitting the maintenance of such actions in our courts, where the rights of domestic creditors are not interfered with, is both just and reasonable, and should be enforced without distinction; and therefore, regardless of the rule which may prevail in Iowa, and of the fact that the trustee in this case is a trustee under the laws of Iowa, as we are not hampered by the principle of *stare decisis*, and as the rights of domestic creditors are not involved, we hold that he may, as matter of comity, maintain this action.

2. As has been stated, Hubbard's assignment to Hutchins of the choses in action was made before he commenced his suit in this state, so that when he instituted his action he held legal title to the property, and this title was sufficient warrant and authority for his suit. As directly in point upon this proposition may be cited the Iowa case, above mentioned, of *Hale* v. *Harris*. The defense to these actions is purely technical. The mortgages were given, the money loaned upon the security of them, and the money has not been repaid. A payment, by the defendants, of the amount due would exonerate them from any possible claims by other parties. As was said by this court in *Philbrook* v. *Superior Court*, 111 Cal. 31, "A defendant's right is to have a cause of action prosecuted against him by the real party in interest, but, as has been elsewhere pointed out (*Giselman* v. *Starr*, 106 Cal. 651), his concern ends when a judgment for or against the nominal plaintiff would protect him from any action upon the same demand by another, and when, as against the nominal plaintiff, he may assert all defenses and counterclaims available to him, were the claim prosecuted by the real owner." (See also *McPherson* v. *Weston*, 64 Cal. 275; *Grant* v. *Heverin*, 77 Cal. 263; *Toby* v. *Oregon Pac. R. R. Co.*, 98 Cal. 490; *Herman* v. *Hecht*, 116 Cal. 553; *Greig* v. *Riordan*, 99 Cal. 316.)

The judgments and orders appealed from are therefore affirmed.

McFarland, J., Van Dyke, J., Garoutte, J., Harrison, J., Temple, J., and Beatty, C. J., concurred.

Rehearing denied.

132   631
142   356