[S. F. No. 3664.   Department One.—January 26, 1904.]

JOHN LACKMANN, Sheriff, etc., Respondent, v. SUPREME COUNCIL OF ORDER OF CHOSEN FRIENDS, etc., et al., Respondents; CYRUS J. CLARK, Receiver, etc., Appellant.

ATTACHMENT BY DOMESTIC CREDITORS—RECEIVER OF FOREIGN CORPORATION—FUND IN CALIFORNIA.—Where a domestic attaching creditor and the receiver of a foreign insolvent corporation both claim a fund situated in this state, the fund will be decreed to the domestic creditor without inquiring into the legality of the appointment of the receiver, or as to his rights under the laws of this state. No rule of state comity or law requires the rights of a domestic attaching creditor to be set aside in deference to a foreign receiver claiming under the laws of another state.

ID.—REPRESENTATION OF CREDITORS NOT PARTIES.—The receiver appointed in another state, presumably without the assent of other creditors in this state, who are not parties to the action, cannot represent such creditors in a suit between the receiver and a domestic attaching creditor. It is time enough to consider the rights of such creditors when brought before the court in some manner and through some agency recognized by the law of California.

ID.—BENEFICIARY ORDER—DEATH OF MEMBER—ATTACHMENT BY BENEFICIARY.—Upon the death of the member of a beneficiary order, the beneficiary under the certificate of membership, suing after the death of the member, is a creditor of the order, and may attach a fund belonging thereto in this state.

ID.—ADMISSION OF ANSWER.—An answer which does not controvert the claim of the beneficiary as an attaching creditor, but alleges that the claims asserted by the beneficiary, "and sued on herein, were based upon, and grew out of, membership certificates in said order, and not otherwise," is an admission of the claim of the beneficiary as being a creditor of the order.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion.

Rothchild & Ach, J. M. Rothchild, and Van Ness & Redman, for Receiver, Appellant.

The Indiana court had jurisdiction to appoint the receiver, and its action is binding upon other courts, and cannot be collaterally assailed.  (*Supreme Sitting of O. I. H.* v. *Baker,* 134 Ind. 293; *Towle* v. *A. B. L. and I. Soc.,* 60 Fed. 131; *Leffingwell* v. *Warren,* 2 Black, 599; *Illinois T. and S. Bank* v. *Pacific Ry. Co.,* 115 Cal. 285, 296.)  The receiver's title and right of possession relate to the date of his appointment.  (*Fry* v. *Charter Oak etc. Co.,* 31 Fed. 197; *Steel* v. *Sturgis,* 9 Abb. Pr. 442; *Rutter* v. *Tullis,* 5 Sand. Ch. 610; High on Receivers, sec. 151.)  The receiver of an insolvent beneficiary order has powers coextensive with the property of the association; and the courts discountenance the attempts of local attachment creditors to impound any portion of the assets.  (*Rundell* v. *Association,* 10 Fed. 720; *Davis* v. *Association,* 11 Fed. 781; *Taylor* v. *Association,* 13 Fed. 993; *Bockner* v. *Association,* 77 Va. 85; *Mabon* v. *Ongley Electric Co.,* 24 App. Div. 41; 48 N. Y. Supp. 967.)  A foreign receiver will, under

the comity rule, be permitted to bring such suits as may be necessary to protect the property committed to his charge. (*Bank* v. *McLeod*, 38 Ohio St. 174; *Hurd* v. *City of Elizabeth*, 41 N. J. L. 1; *Relfe* v. *Rundle*, 103 U. S. 222; *Parsons* v. *Charter Oak etc. Co.*, 31 Fed. 305; *Weingarter* v. *Charter Oak etc. Co.*, 32 Fed. 314.)

F. D. Brandon, for Respondent Koelzer.

The receiver was improperly appointed. (*French Bank Case*, 53 Cal. 495, 514, 550; *Havemeyer* v. *Superior Court*, 84 Cal. 327;[1] *Yore* v. *Superior Court*, 108 Cal. 431; *Fischer* v. *Superior Court*, 110 Cal. 140; *Murray* v. *Superior Court*, 129 Cal. 628.) The law of Indiana was not pleaded, and judicial notice cannot be taken of it. (*Murtey* v. *Allen*, 71 Vt. 377.[2]) A receiver has no extraterritorial jurisdiction. (*Humphreys* v. *Hopkins*, 81 Cal. 551, 554;[3] *Ward* v. *Pacific Mutual Ins. Co.*, 135 Cal. 235; *Clark* v. *Chandler*, 66 Fed. 567.) A beneficiary of an order, after the death of the member, is a creditor who has the right of attachment. (*Solis* v. *Blank*, 199 Pa. St. 600; *Failey* v. *Fee*, 83 Md. 89;[4] *Catlin* v. *Wilcox Silver Plate Co.*, 123 Ind. 477;[5] *Cohen* v. *Order of Iron Hall*, 105 Mich. 283; *Kittredge* v. *Osgood*, 161 Mass. 384; *Folger* v. *Columbia Ins. Co.*, 99 Mass. 267;[6] *Fawcett* v. *Order of Iron Hall*, 64 Conn. 170; *Rhawn* v. *Pearce*, 110 Ill. 350;[7] *Rodgers* v. *Riley*, 80 Fed. 761; *Mosely* v. *Burrows*, 52 Tex. 396; *State* v. *Superior Court*, 7 Wash. 210.)

GRAY, C.—The order of Chosen Friends is a fraternal beneficiary order which was organized under the laws of the state of Indiana, with its home office at Indianapolis, and conducting its operations in that state and the other states and territories of the Union. The plaintiff is the sheriff of the city and county of San Francisco. One of the defendants herein, Koelzer by name, commenced an action against the supreme council of said order based upon a certificate of membership therein, in which she, the said Koelzer, was named as beneficiary. Under a writ of attachment issued in said

---

[1] 18 Am. St. Rep. 192.
[2] 76 Am. St. Rep. 779.
[3] 15 Am. St. Rep. 76.
[4] 55 Am. St. Rep. 326.

[5] 18 Am. St. Rep. 336.
[6] 96 Am. Dec. 747, and note.
[7] 51 Am. Rep. 691.

action, the plaintiff seised and took into his possession as sheriff $2,519.60 in money belonging to the said defendant, the supreme council of said order. The defendant and appellant Clark is the receiver appointed by the superior court of Marion County, Indiana, in insolvency proceedings brought by the attorney-general of that state against said supreme council.

This action was brought by plaintiff to compel the defend-. ants to interplead and have their adverse claims to this money determined by the court. The sheriff paid the money into court. The defendants Clark and Koelzer filed their answers and claims to the fund respectively. The defendant Koelzer demurred to the amended claim of Clark, and, the demurrer being sustained, Clark failed to further amend. The other defendants defaulted.

The court found and adjudged as follows: "That all the allegations of said claim of defendant, Matilda Koelzer, herein are true; that the moneys paid into court in this action as aforesaid were attached by plaintiff herein under and by virtue of a writ issued in an action brought in this court by said defendant Koelzer, and that at the time of said attachment there was no lien or other attachment upon or against said moneys or any part thereof; that thereafter said defendant Koelzer in her said action recovered judgment in this court for a sum greatly in excess of the amount paid into court as aforesaid; that she is entitled to said moneys and to have the whole amount thereof paid over to her in part satisfaction of said judgment obtained by her as aforesaid; and that the defendants herein, other than said defendant Koelzer, have not nor has any or either of them any lien, claim, right, title or interest of any kind in or to said moneys or any part thereof; it is therefore ordered, adjudged, and decreed by this court that said defendant, Matilda Koelzer, is entitled to the moneys heretofore paid into court in this action," etc.

The defendant Clark appeals from the judgment.

We think the judgment is correct and that the demurrer to Clark's amended claim was properly sustained; and it will be necessary to notice only one of the grounds discussed upon this appeal and urged in support of the demurrer.

It must be treated as the settled law of this state that as

between the receiver of an insolvent foreign corporation, appointed under the laws of another state not in force here, and a domestic attaching creditor, both claiming a fund situated in this state, the fund will be decreed to the domestic creditor, without stopping to inquire into the legality of the appointment of the receiver or as to his rights under the laws of his state. Under the laws of our own state the domestic creditor had the right to attach the property, and no rule of state comity or of law requires us to set aside this right in deference to a foreign receiver claiming under the laws of another state. (*Ward* v. *Pacific Mutual etc. Ins. Co.*, 135 Cal. 235; *Humphreys* v. *Hopkins*, 81 Cal. 551;[1] *Catlin* v. *Wilcox Silver Plate Co.*, 123 Ind. 477.[2])

It is claimed that all the California creditors of the defendant order, except the particular one whose attachment was levied, are benefited by a recovery by the receiver, and that hence in this case the reason for the rule refusing to recognize the claims of foreign receivers is wanting. But we take it that if that question were submitted to the other California creditors of the order there might be some dispute between them and the Indiana receiver in relation to it. Besides, it will be time enough to consider the interest of the other California creditors when they are brought before the court in some manner and through some agency recognized by the law of California. They are not parties to this action, and cannot be represented by a receiver appointed under the law of another state presumably without their knowledge or consent.

The beneficiary suing after the death of the member of the order was a creditor. (*Solis* v. *Blank*, 199 Pa. St. 600.) Not only was she a creditor when the suit was commenced, but pending the final hearing she became a judgment creditor, as the judgment appealed from discloses.

The claim or answer of Clark to which the demurrer was sustained in no way controverts the allegations of the complaint showing that the defendant was an attaching creditor, but alleges "that the claims asserted in said action by said Koelzer and sued on herein were based upon and grew out of membership certificates in said order, and not otherwise."

[1] 15 Am. St. Rep. 76.        [2] 18 Am. St. Rep. 338.

This amounts to an admission of Koelzer's claim to being a creditor.

The demurrer was properly sustained, and the judgment is correct.

We advise that the judgment be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.     Angellotti, J., Shaw, J., Van Dyke, J.

Hearing in Bank denied.