[S. F. No. 3274. Department One.—April 19, 1905.]

CYRUS J. CLARK, Receiver, etc., Appellant, v. SUPREME COUNCIL OF ORDER OF CHOSEN FRIENDS. et al., Respondents.

INSOLVENT FOREIGN CORPORATION—PREFERENCE OF DOMESTIC CREDITORS —LEVY UPON FUNDS IN THIS STATE—FOREIGN RECEIVER.—Domestic creditors of an insolvent foreign corporation who have levied upon funds of such corporation in this state will be preferred over foreign creditors, and will not be compelled to surrender their claims to a foreign receiver of its assets, appointed by a court of another state, at the home office of such corporation.

ID.—ACTION BY FOREIGN RECEIVER—ANCILLARY RECEIVER.—An action will not lie by the foreign receiver of the assets of such foreign corporation to have an ancillary receiver appointed in this state to take charge of its funds in this state, attached by domestic creditors, in order to turn them over to the foreign receiver.

ID.—PLEADING—BOOKS AND PAPERS—PRAYER OF COMPLAINT.—In the complaint by such foreign receiver, in the absence of any allegation that any of the defendants have in their possession any books and papers of the foreign corporation other than the money attached, a prayer of the complaint regarding books and papers is of no consequence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion in this case, and in 142 Cal. 22.

Rothchild & Ach, and Van Ness & Redman, for Appellant.

F. D. Brandon, S. M. Ehrman, Martin Stevens, H. W. Hutton, and D. E. Besecker, for Respondents.

GRAY, C.—This action was brought by plaintiff, appointed by the superior court of a certain county in the state of Indiana as receiver of the above-named defendant, an insolvent fraternal insurance organization. The object of the action is to have an ancillary receiver appointed in California to take charge of certain moneys of the concern and turn them over to the plaintiff.

The defendants had judgment in their favor on demurrers to the complaint, and plaintiff appeals from that judgment. The facts and law governing the case have already been considered by this court in *Lackman* v. *Supreme Council*, 142 Cal. 22. Little need be added here to what is said in that case. Here, as there, the defendants as creditors of the defunct concern have attached the funds and money in controversy in some instances and in others have seized them under executions issued upon judgments which they have already obtained. That the defendants occupy the position of creditors is settled by the case cited. That they will not be compelled to surrender their claims to the property under the laws of this state in deference to the claims of a foreign receiver of this foreign corporation is also clearly decided in that case.

The only difference between that case and this is, that here an ancillary receiver is asked for, but only for the purpose of collecting the funds and turning them over to the Indiana receiver. This will indirectly accomplish the same purpose sought in the case cited. It will have the effect by legal process to transfer the funds to the hands of the Indiana receiver. This is contrary to the law of this state as laid down in the California cases cited in *Lackman* v. *Supreme Council*, 142 Cal. 22. Our law prefers the claims of the domestic attaching creditors to those of foreign creditors or claimants, and this policy will be upheld against indirect as well as against direct attacks.

The complaint sets forth the facts necessarily showing the claims of the defendants preferred under our law to those of plaintiff; and the demurrer to this complaint was therefore properly sustained.

No point seems to be made in appellant's brief to the effect that the complaint states a case for relief as to any books or assets of the defunct concern other than the money attached; and on a careful examination of the complaint we are unable to find any allegation that any of the defendants have in their possession any books or other assets of the concern except the said money. The prayer of the complaint regarding records, books, papers, etc., is of no consequence in the absence of any allegation showing that some party to the suit has property of that description in its or his possession.

We advise that the judgment be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Angellotti, J., Shaw, J., Van Dyke, J.