[Civ. No. 4080.   Second Appellate District, Division One.—January 25, 1923.]

E. E. WRIGHT, Receiver, etc., Appellant, v. SARAH A. PHILLIPS et al., Respondents.

[1] RECEIVERS — APPOINTMENT IN OTHER FORUM — RIGHT TO SUE — COMITY.—Receivers appointed under a jurisdiction other than that of the forum may be permitted to sue in a stranger state as a matter of comity only; but this privilege of comity will be extended wherever the rights of local or domestic creditors are not prejudiced.

[2] PLEADING—FRAUDULENT CONVEYANCE TO HUSBAND—ACTION TO SET ASIDE—PARTIES.—In an action by a judgment creditor to set aside a conveyance made by a wife, the judgment debtor, to her husband during the pendency of the suit in which such judgment was obtained, the conveyance having been without consideration and with the fraudulent intent to prevent plaintiff from realizing upon the judgment that would be entered against said wife, the husband is a necessary party defendant, even though the court would not be authorized to give any judgment against his property.

APPEAL from a judgment of the Superior Court of San Diego County.   C. N. Andrews, Judge.   Reversed.

1. Privileges accorded foreign receivers by comity, notes, 5 Ann. Cas. 570; Ann. Cas. 1913D, 1296; Ann. Cas. 1916A, 97; 23 L. R. A. 54; 4 L. R. A. (N. S.) 824.

The facts are stated in the opinion of the court.

Thomas C. Ridgway and Ward, Ward & Ward for Appellant.

Sweet, Stearns & Forward for Respondents.

JAMES, J.—Separate demurrers of the defendants, interposed to the complaint of the plaintiff, were sustained and the court refused leave to plaintiff to amend. The judgment of dismissal followed, from which plaintiff has taken his appeal.

Plaintiff alleged that on the twenty-sixth day of November, 1915, the Washington Motor Sales Company, a corporation, was by a judgment of the superior court of the state of Washington declared to be insolvent, and that an order was made appointing plaintiff as receiver and that he duly qualified and has ever since been acting as such. The averment next appears that the receiver duly obtained leave to bring this action from the court appointing him. It was alleged that the defendants were husband and wife; that on or about the third day of April, 1918, defendant Sarah A. Phillips was indebted to the corporation mentioned on account of a stock subscription in the sum of five thousand dollars; that on the 3d of April, 1918, plaintiff commenced an action in the superior court of the county of San Diego, state of California, against the said Sarah A. Phillips (who was at that time Sarah A. Donovan), which action was based upon the stock subscription contract, and that on the 29th of March, 1919, a judgment was in said case made, given, and entered in favor of the plaintiff and against said defendant. It was then alleged that on or about the 4th of June, 1918, after the suit last mentioned had been commenced, and "while defendant Sarah A. Donovan knew of the pendency of said action, and after she had been served with summons in said action," she by deed "attempted to convey" certain described real property to her husband, W. Sinclair Phillips. It was alleged that said conveyance was made without consideration and with intent to prevent plaintiff from levying upon the real property to satisfy the judgment which would be entered in the suit before mentioned, and that by the transferring of said property said Sarah A. Phillips became

insolvent and that she has not since possessed any property which would not be exempt from execution. By the prayer plaintiff requested a decree setting aside the conveyance aforesaid described.

The main ground of the demurrers was that the plaintiff lacked the capacity to sue in this state as receiver, and we must infer that the trial judge reached a conclusion favorable to the defendants on that issue of law. The proposition that a receiver appointed by a court of a particular state can have no authority to exercise his powers beyond the limits of the jurisdiction of the court appointing him, appears plainly enough from the bare statement of the question. [1] Receivers appointed under a jurisdiction other than that of the forum may be permitted to sue in a stranger state as a matter of comity only. That this privilege of comity will be extended, wherever the rights of local or domestic creditors are not prejudiced, is now the general rule in the United States, notwithstanding that earlier decisions, notably that of *Booth* v. *Clark,* 17 How. 322 [15 L. Ed. 184, see, also, Rose's U. S. Notes] tended in their holding the other way. (See High on Receivers, 4th ed., sec. 47; Smith on Receivership, 2d ed., p. 165; 23 R. C. L., p. 142; 5 Ann. Cas., p. 570.) Each state, of course, establishes its own policy on the subject. The policy of this state conforms to the generally recognized rule under which the plaintiff properly claims the privilege of maintaining his action. (*Iowa and California Land Co.* v. *Hoag et al.,* 132 Cal. 627 [64 Pac. 1073].) In other California cases, such as *Lackmann* v. *Supreme Council etc. et al.,* 142 Cal. 22 [75 Pac. 583], where persons, claiming in a representative capacity under appointments made in other states, were denied the right to become suitors in the courts of California. it will be found that there were local creditors whose interests were to be first protected. If, at any later stage in the course of this action, it should appear that there are creditors within the state of California whose rights would be prejudiced by allowing the receiver to succeed, the court upon so finding would refuse to award the plaintiff any relief.

Being clear in our minds that the rule of comity recognized by the courts of California requires that the plaintiff be admitted here as a proper party plaintiff, the second contention of appellant need not be given extended considera-

tion.  The case of *Lewis* v. *Adams,* 70 Cal. 403 [59 Am. Rep. 423, 11 Pac. 833], is cited by the latter to the point where a debt owing to an estate is reduced to judgment by an administrator, the judgment may be sued on even in another state by the administrator in his own name, and that any description of his representative capacity appearing in the complaint may be treated as surplusage.  Under that authority it would appear that the judgment already obtained in this state as pleaded (which judgment on the allegations made in the complaint is attended by every presumption as to its regularity and validity), could be sued upon by the plaintiff in his own name.  However, this is a separate action, not directly on the judgment, although in aid of its satisfaction, and we leave the question open as to whether the authority cited is applicable in such a situation.

[2]  It is next argued that as to the husband the action should be dismissed because plaintiff in no event could have a judgment against that defendant's property.  The court would not be authorized under the allegations of the complaint to give any judgment against the property of the husband.  Being an alleged recipient of property transferred to him by the wife, without consideration, for the alleged fraudulent purposes, he would be a necessary party to the action.

The judgment is reversed, with direction to the superior court to overrule the demurrers of the defendants as interposed to plaintiff's complaint.

Conrey, P. J., and Houser, J., concurred.