[L. A. No. 222.   Department Two.—March 3, 1897.]

WILLIAM FERGUSON, RESPONDENT, *v.* M. H. SHERMAN ET AL., APPELLANTS.

CORPORATIONS—LIABILITY OF STOCKHOLDERS—ACTION BY JUDGMENT CREDITOR OF FOREIGN CORPORATION — MEASURE OF LIABILITY. — Though penalties and special remedies provided by the laws of another state will receive no extraterritorial recognition, yet, when the statutory liability of stockholders in a foreign corporation is not in its nature penal, and does not depend for its enforcement upon remedies peculiar to the courts of the state which created the liability, but is a simple personal liability contracted for by the stockholders, and enforceable in an action at law by a judgment creditor of the corporation in the state where the corporation was created, after return of execution against the corporation *nulla bona*, such action may be brought by such judgment creditor in this state, against California stockholders in such foreign corporation, the statute of the state which created the corporation being the measure of the liability of its stockholders.

ID.—KANSAS CORPORATION—CONTRACT OF STOCKHOLDERS — GUARANTY.— The contract of stockholders in a Kansas corporation, as respects personal liability under the Kansas statute, is in the nature of a contract of guaranty, upon which an action will lie, after the creditor's remedy against the corporation has been exhausted, in any state where jurisdiction of the person of a stockholder may be obtained.

ID.—CONSTRUCTION OF KANSAS CONSTITUTION—EXEMPTION OF STOCKHOLDERS OF RAILROAD CORPORATIONS INAPPLICABLE TO STREET RAILROADS. The exemption of the stockholders of railroad corporations from statu-

tory liability, by the constitution of Kansas, is an immunity in the nature of a grant or privilege, which is to be construed so as to restrict rather than broaden the grant from the state, and was not designed to apply to stockholders of street railroad corporations.

APPEALS from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.   J. W. McKINLEY, Judge.

The facts are stated in the opinion of the court.

*Bicknell & Trask, John D. Pope,* and *John S. Chapman,* for Appellants.

Before the plaintiff could maintain an action in the courts of the state of California against the stockholders upon a debt due from the company, it was necessary for him to have first obtained a judgment against the company within this state and to have had an execution issued against the company and a return thereon of no property found.   (1 Cook on Stocks and Stockholders, sec. 223; *National Tube Works* v. *Ballou,* 146 U. S. 517; *Patterson* v. *Lynde,* 112 Ill. 196; *Baines* v. *Babcock,* 95 Cal. 581; 29 Am. St. Rep. 158; *Baines* v. *West Coast Lumber Co.,* 104 Cal. 1; *Jones* v. *Green,* 1 Wall. 330; *Hollins* v. *Brierfield etc. Co.,* 150 U. S. 371; *Russell* v. *Pacific Ry. Co.,* 113 Cal. 258.)   Conceding that appellants were stockholders of the Electric Rapid Transit Company, they are not liable in this action because the company was a railroad corporation within the meaning of the constitution and compiled laws of Kansas.   (2 Cook on Stocks and Stockholders, secs. 915, 1065; *People* v. *Brooklyn etc. Ry. Co.,* 89 N. Y. 75; *Chicago* v. *Evans,* 24 Ill. 52; *In re Washington etc. Ry. Co.,* 115 N. Y. 442; *Johnson* v. *Louisville City Ry. Co.,* 10 Bush, 231; *Hestonville etc. Ry. Co.* v. *Philadelphia,* 89 Pa. St. 210; *Millville Borough* v. *Evergreen Ry. Co.,* 131 Pa. St. 16; *Central Nat. Bank* v. *Worcester etc. Ry. Co.,* 13 Allen, 105; *Clinton* v. *Clinton etc. Ry. Co.,* 37 Iowa, 61.)   The individual liability of stockholders under the constitution and laws of Kansas, and the procedure prescribed for the enforcement of the liability, are peculiar, and an action to enforce it cannot be maintained

in another state. (*Bank of North America* v. *Rindge,* 154 Mass. 203; 26 Am. St. Rep. 240; *Fowler* v. *Lamson,* 146 Ill. 472; 37 Am. St. Rep. 163; *Lowry* v. *Inman,* 46 N. Y. 119; *Christensen* v. *Eno,* 106 N. Y. 97; 60 Am. Rep. 429; *Nimick* v. *Mingo Iron Works Co.,* 25 W. Va. 184; *Norris* v. *Wrenschall,* 34 Md. 492; *Paine* v. *Stewart,* 33 Conn. 516; *Drinkwater* v. *Portland Marine Ry. Co.,* 18 Me. 37; *Rice* v. *Hosiery Co.,* 56 N. H. 114.)

*Wells, Monroe & Lee,* for Respondent.

The action was properly brought in this state as an action at law. (*Bank of North America* v. *Rindge,* 57 Fed. Rep. 279; *McVickar* v. *Jones,* 70 Fed. Rep. 754; *Rhodes* v. *United States Nat. Bank,* 66 Fed. Rep. 512; *Guerney* v. *Moore,* 131 Mo. 650; *Flash* v. *Conn,* 109 U. S. 371; *Howell* v. *Manglesdorf,* 33 Kan. 194; *Bagley* v. *Tyler,* 43 Mo. App. 195; Morawetz on Private Corporations, sec. 895; *Aldrich* v. *Anchor etc. Co.,* 24 Or. 32; 41 Am. St. Rep. 831.) The Electric Rapid Transit Company was not a railroad corporation within the meaning of the constitution and laws of Kansas. (*Louisville etc. R. R. Co.* v. *Louisville City Ry. Co.,* 2 Duval, 175, 178; *Front Street etc. R. R. Co.* v. *Johnson* (Wash., Feb. 11, 1891), 47 Am. & Eng. R. R. Cas. 287; *Thomas etc. Co.* v. *Simon,* 20 Or. 60; 23 Am. St. Rep. 86; *Williams* v. *City etc. R. R. Co.,* 41 Fed. Rep. 556; 2 Rorer on Railroads, 1422; Elliott on Roads and Streets, 557, 558; *Ellington* v. *Lumber Co.,* 93 Ga. 53; *Gyger* v. *Philadelphia etc. Ry. Co.,* 136 Pa. St. 96; *Manhattan Trust Co.* v. *Sioux City Cable Ry. Co.,* 68 Fed. Rep. 82; *Sears* v. *Marshalltown Street Ry. Co.,* 65 Iowa, 742; *Freiday* v. *Transit Co.* (Iowa, Oct. 17, 1894), 60 N. W. Rep. 656.)

HENSHAW, J.—Appeals from the judgment and from the order denying a new trial.

Plaintiff pleaded that the defendant, the Electric Rapid Transit Company, was a corporation organized and existing under the laws of the state of Kansas, and that it was not a railway, religious, or charitable corpo-

ration.   He further alleged a judgment obtained against the corporation in the circuit court of the United States for the district of Kansas, for the sum of seven thousand seven hundred and seventeen dollars and fifty cents, together with costs; that he caused execution issued out of the court to be levied upon the property of the Electric Rapid Transit Company, which execution was thereafter in due time returned wholly unsatisfied.   Then follows in appropriate language an averment to the effect that, under the constitution and laws of Kansas, if any execution shall have been issued against the property or effects of a corporation, except a railway, or religious, or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment, and such plaintiff may maintain an action at law against any one or more of the stockholders of such corporation to recover a debt due by the corporation.

The defendants other than the Electric Rapid Transit Company are sued as stockholders of that corporation.

The action, then, is an effort upon the part of the judgment creditor of the Kansas corporation to enforce against California stockholders their statutory liability for the judgment debt.

1. On the trial, the provisions of the Kansas constitution and statutes bearing upon the questions were introduced in evidence.   Section 11 of article XII of that constitution provides as follows: "Debts from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law, but such individual liabilities shall not apply to railroad corporations, nor corporations for religious or charitable purposes."   Section 1192, article

IV, chapter XXIII, of the statutes of Kansas, under the title of "Corporations" and the subtitle of "Miscellaneous Provisions," is as follows: "If any execution shall have been issued against the property or effects of a corporation, except a railway or religious or a charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon, but no execution shall issue against any stockholder except upon an order of the court in which the action, suit, or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and upon such motion such court may order execution to issue accordingly; *or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment.*"

Plaintiff's action is admittedly an attempt to charge the stockholders under the italicized portion of the statute above quoted. Appellant's contention is, that all of the provisions of this act contemplate special statutory remedies given by the laws of another state, and not consonant with the laws and procedure of this state, and that such liability cannot be enforced in this action. It is undoubtedly true that penalties and special remedies provided by the laws of a state will receive no extraterritorial recognition, and may not be imported into the courts of another state. That question has recently received careful consideration at the hands of this court, and it is necessary to do no more than refer to the case of *Russell* v. *Pacific Ry. Co.*, 113 Cal. 258. Upon the other hand, it is equally true that when a statutory liability is not in its nature penal, and does not depend upon remedies whose enforcement is peculiar to the courts of the state which has created the law—where, in short, the statutory liability is a simple personal liability growing out of the contract of the shareholder,

that liability may be enforced wherever jurisdiction over the particular shareholder may be obtained.

It is to be considered, then, whether the statute of Kansas above quoted, in creating the specific liability, designates a mode for its enforcement which may not be exercised without the jurisdiction of its courts, or whether it merely provides for a personal liability, enforceable in an action at law in any of the courts of sister states possessing common-law jurisdiction.

It will be noted that the statute in question offers a twofold remedy to the judgment creditor of a corporation whose execution has been returned *nulla bona*. It first provides a remedy peculiar to the laws of Kansas and unenforceable in other forums. The second is embraced in the portion of the statute which has been italicized. That this language empowers the judgment creditor to maintain his action at law against a shareholder wherever he may be found, and to do this without first obtaining a judgment against the Kansas corporation in the courts of the state where the statutory liability of the shareholder is sought to be enforced, we entertain no doubt, and, if doubt were to be entertained, the numerous and uniform decisions of the supreme court of Kansas, of the federal courts, and of the courts of sister states so interpreting this clause, would be sufficient to remove it.

In *Howell* v. *Manglesdorf*, 33 Kan. 194, the court had under review this statute, and, interpreting it, said: "It will be observed that two remedies for enforcing the individual liability of stockholders are prescribed in the statute above quoted. In the one case the judgment creditor of an insolvent corporation may proceed by a summary action on a motion in the court where the judgment was rendered against the corporation; in the other, by an ordinary action to be instituted wherever personal jurisdiction of the stockholders can be acquired. . . . . This ruling does not debar a creditor of the insolvent corporation of a remedy against the stockholder residing in another state, and upon whom service can-

not be obtained here. While the liability is statutory, it is one which arises upon the contract of subscription to the capital stock of the corporation, and an action to enforce the same is transitory, and may be brought in any court of general jurisdiction in the state where personal service can be made upon the stockholder. (*Flash* v. *Conn*, 109 U. S. 371; *Dennick* v. *Railroad Co.*, 103 U. S. 11; *McDonough* v. *Phelps*, 15 How. Pr. 372; *Seymour* v. *Sturgess*, 26 N. Y. 134.)" To like effect are the cases of *Hentig* v. *James*, 22 Kan. 326, and *McClelland* v. *Cragun*, 54 Kan. 601.

In the federal courts, also, the same statute, and the rights of litigants under it, frequently have been the subject of consideration. Thus, in *Bank of North America* v. *Rindge*, 57 Fed. Rep. 279, the suit was an action at law by a judgment creditor of a Kansas banking corporation against the defendant as a stockholder in that corporation to enforce the stockholder's liability under the statute in question. It was held that the action would lie; that under the interpretation given to the law by the Kansas courts the stockholder's statutory liability was in the nature of a contract of guaranty, and that a judgment creditor might proceed against the stockholder accordingly. Such also was the decision of the federal courts in *Rhodes* v. *United States Nat. Bank*, 66 Fed. Rep. 512, and *McVickar* v. *Jones*, 70 Fed. Rep. 754.

The same law has passed under the review of the supreme court of Missouri in the case of *Guerney* v. *Moore*, 131 Mo. 650. It was there held that the judgment creditor might proceed by an ordinary action at law against the stockholder wherever personal jurisdiction of the stockholder could be obtained, and that the statute of Kansas was the measure of the stockholder's liability.

*Bank of North America* v. *Rindge*, 154 Mass. 203, 26 Am. St. Rep. 240, is relied on by appellants as being in opposition to these authorities. In that case the supreme court of Massachusetts regretted that under the

pleadings it was not at liberty to determine the case upon an examination of the statute of Kansas, with the assistance of any construction which might have been put upon it by the courts of that state, but, being unable so to do, it held that in the commonwealth of Massachusetts it was well settled that the courts had declined to exercise jurisdiction to enforce a liability imposed upon stockholders in corporations established in other states under statutes of those states. But in the later case of *Hancock Nat. Bank* v. *Ellis*, 166 Mass. 414, decided in 1896, the court stating that the facts alleged in that case were different from those presented in *Bank of North America* v. *Rindge, supra*, receded from its former position and retained an action such as the one here at bar, brought against a stockholder under the Kansas statute, and there declared "that the liability of the stockholders must be determined according to the laws of Kansas."

It may, therefore, be concluded with much certainty that under the Kansas statute the liability is in contract, and is not penal; that the rights of the judgment creditor and the reciprocal rights and duties of the stockholder are measured by this statute, and that, under the law, the creditor who has obtained judgment in Kansas against a corporation, upon which judgment an execution has been issued and returned *nulla bona*, may pursue the stockholder in an action at law wherever jurisdiction of his person may be obtained, and secure judgment against him; that he may sue one or many of the stockholders; that he may take judgment against them without first having obtained judgment against the corporation in the state in which his action against the stockholders is commenced; and that the measure of the individual stockholder's liability is the face value of his shares, together with the amount of his unpaid subscription thereon. (*Flash* v. *Conn, supra; Hoyt* v. *Bunker*, 50 Kan. 574; *Bagley* v. *Tyler*, 43 Mo. App. 195; *Aldrich* v. *Anchor etc. Co.*, 24 Or. 32; 41 Am. St. Rep. 831; *Dennick* v. *Railroad Co., supra; Paine* v. *Stewart*, 33 Conn. 516.

2. It is next contended by appellants that the Electric Rapid Transit Company, organized under the laws of Kansas, is a railroad corporation, and that its stockholders are therefore relieved from all liability under the constitution of the state. The provision of the constitution bearing upon the question has been quoted. We approach the consideration with reluctance, for the clause has not received judicial interpretation from the supreme court of Kansas, and it must needs be embarrassing for the courts of another state to be called upon, in the first instance, to put their own interpretations upon the constitutional provisions of a sister state. There are certain considerations, however, which will go far toward the elucidation of the question, so far as affects this corporation. It may be safely said that the privilege held out to stockholders of railroad corporations organized under the laws of Kansas was not designed as an invitation to foreigners or citizens of other states to take advantage of the Kansas laws, and thus secure immunity to themselves, while equipping and operating railroads entirely without the boundaries of the state. Agriculture was and is one of the most important industries of Kansas. Cheap transportation and a ready market are essential to agricultural success. This the framers of the Kansas constitution well knew, and it is not unreasonable to infer that the exemption held out to stockholders of railroad corporations organized under the laws of Kansas was designed to promote and stimulate the building of railroads within the state, in aid of one of its greatest industries. It is not so easy to believe that the purpose of that constitution was to exempt from liability the stockholders of street railways, which are designed merely to facilitate travel and communication upon the public highways of a municipality, while at the same time the stockholders of mercantile, manufacturing, and banking corporations, which corporations certainly tend as much to the public convenience and welfare as do street railroad corporations, should be held to a strict accountability. We

recognize. that the word "railroad" or "railway," as used in a law, is broad enough to include street railroads, and that many cases have arisen where the courts have held that the word does in its signification include such corporations, but, when all has been said, each case has been determined upon its own facts, having in view the circumstances of the case, the context, the presumed intention of the lawmakers, and the general policy of the particular state in regard to the matter; and, therefore, while a large number of cases may be cited in which the courts have held that the statutes under consideration dealing with "railroads" embraced in their provisions street railroads, an equal number could be instanced in which the courts have, under the facts of the case, narrowed and limited the application of the statute, and held that street railroads were not included. It would be difficult, if not impossible, to formulate any rule to govern the determination. In this state, the difficulty is much relieved by the distinction which our codes make between railroad corporations proper and street railroad corporations. This consideration, however, is entitled to weight. The exemption from liability of stockholders of railroad corporations under the constitution of Kansas is an immunity in the nature of a grant or privilege. There is no rule of construction which makes it mandatory upon a court to hold that "railroad" must include street railroads, and, upon the principle that all grants from the state are construed most strongly in favor of the grantor, it would certainly be proper in this case, no reason to the contrary being shown, to narrow rather than to broaden the meaning of the word, and to limit its applicability to the one class which is necessarily embraced within the term; and we therefore conclude that the provision of the constitution of Kansas here under consideration was not designed to apply to stockholders of street railroad corporations. In consonance with this view, it is said by the learned authors of the Law of Incorporated Companies (1 Foote and Everett's

Law of Incorporated Companies, 668, note): "Whether any of the statutes relating to railways apply to street railways is an undetermined question. It is a question which arises again and again, as can readily be imagined, since the statutes have very little to say about street railways. Still, for various reasons, it is believed that the great body of railroad legislation of the state does not apply to street railways."

The judgment and order are therefore affirmed.

TEMPLE, J., and McFARLAND, J., concurred.

Hearing in Bank denied.