### CONVERSE v. SPARGO.

(Circuit Court, D. Connecticut. February 21, 1911.)

No. 697, Law.

1. CORPORATIONS (§ 259*)—STOCKHOLDER'S PERSONAL LIABILITY—JURISDICTION.
Power to fix the statutory personal liability of a stockholder in a suit adjudging the corporation insolvent exists on the theory that presence of the corporation carries with it presence of the stockholders.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1050–1067; Dec. Dig. § 259.*]

2. CORPORATIONS (§ 245*)—STOCKHOLDER'S PERSONAL LIABILITY—EXECUTORS.
For the purpose of assessment against a deceased stockholder of an insolvent corporation under personal liability fixed during her lifetime, her executor is deemed a stockholder.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 978; Dec. Dig. § 245.*]

3. CORPORATIONS (§ 245*)—STOCKHOLDER'S PERSONAL LIABILITY—EFFECT OF STOCKHOLDER'S DECEASE.
It is no defense to a suit against an estate of a deceased stockholder of an insolvent corporation for an assessment made in receivership proceedings, under her personal liability, fixed before her death, that she was dead when the call was made, and no call was made upon her executor.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 978; Dec. Dig. § 245.*]

Action by Theodore R. Converse, as receiver, against Edward C. Spargo, as executor. On demurrer to a defense. Demurrer sustained.

Wm. W. Hyde and Charles Welles Gross, for plaintiff.
J. C. Chamberlain, for defendant.

PLATT, District Judge. The defense criticised by the demurrer is, in substance, that Armenia H. Simmons, a stockholder in the Minnesota Thresher Manufacturing Company, was dead at the time the second call was made on account of her stockholdings, and that no call was made upon the defendant executor. To reach a proper decision about this defense, it is necessary to understand the exact nature of the suit against which it is entered.

From the date of the insolvency of the corporation which the plaintiff represents, until her death, Armenia H.. Simmons was the owner of stock therein to the amount of $4,000. Under the law of Minnesota her contract of subscription carried with it a further contract to be liable for any indebtedness of the corporation, in case of deficiency, to the amount of the par value of her stockholdings. The corporation was found to be insolvent in August, 1907, by a Minnesota court, and a way was fixed by which the deficiency could be collected. Her liability as a stockholder was therefore fixed by the court during her lifetime, and the law under which the court acted has been found to be constitutional by the Supreme Court in Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The power of the court to fix her personal responsibility grows out of the accepted theory that the presence of the corporation carried with it the presence of the stockholders who were its component parts. She was to pay this fixed liability by calls based upon the number of shares of stock held by her. The second assessment called for the payment of a certain proportion of the liability already incurred. It was in no sense a personal judgment. The personal judgment had long before that, and in her lifetime, been entered up. This second call is for 64 per cent. on each share of the capital stock of said corporation, and against the persons liable on account of said shares. It is true that in the call such person is named in the alternative as a stockholder, but I am of the opinion that the defendant herein is a stockholder in the sense of that call.

I appreciate the harshness of the situation which mulcts the unfortunate subscribers to this fateful enterprise, and am tempted to be critical in definition; but they made their own bed with eyes wide open, and creditors have some rights which the unwary investor is bound to respect. The mere fact that Armenia H. Simmons was dead at the time the last call was made seems entirely immaterial in a suit by the receiver against her estate to recover upon the liability which had been fastened upon her during her life.

Demurrer sustained. Let the second defense to the second count be stricken out.