CHARLES F. JOHNSON et al. Receivers of the Waterville Trust Co.

*vs.*

HELEN M. LIBBY.

Kennebec.   Opinion October 29, 1913.

*Assets. Assessment. Charter. Contingent Liability. Contract. Corporation. Decree. Depositors. Injunction. Liabilities. Receivers. Revised Statutes, Chapter 48, Section 86. Section 6, Chapter 401, Private and Special Laws of 1889. Share- holder. Stockholder. Trust Company.*

1.  Every person, who voluntarily becomes a shareholder in a corporation, thereby agrees to the terms of its charter, and assumes those obligations which the laws of the State creating the corporation imposes upon such shareholders.

2.  It is well settled that the obligation which the shareholder assumes by becoming a member of the corporation is contractual in its nature, and does not abate at his death but survives, and his estate becomes chargeable therefor.

3.  The obligation which the shareholder assumes, though statutory in its origin, is contractual in its nature, and as such not local but transitory. It goes with him wherever he goes and is enforceable in any court of competent jurisdiction.

4.  An executor or administrator of the estate of a deceased stockholder is chargeable upon the shares of the decedent to the extent of the property that comes into his hands as the personal representative of the deceased.

5.  Where the estate of the deceased shareholder is fully administered and distribution made by the personal representative, the heirs or next of kin are assessable to the extent of the assets which they have received from the ancestor's estate, for the payment of calls subsequently made upon shares of stock belonging to his estate.

On report.   Judgment for plaintiffs for $500, with interest from the date of the writ.

This is an action of assumpsit on an account annexed to the writ, and a special count to recover the sum of five hundred dollars, being

an assessment of one hundred per cent by the plaintiffs, upon five shares of the capital stock of the Waterville Trust Company, of the par value of one hundred dollars each, and owned by defendant's intestate.  The plea, general issue.  The case was reported to the Law Court upon an agreed statement.  Upon so much of the evidence as is legally admissible, the court will render such judgment and assess such damages, if any, as the law and the evidence require.

The case is stated in the opinion.

*Johnson & Perkins,* for plaintiffs.

*Manson & Coolidge,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK. JJ.

KING, J.  This case is reported to the Law Court on an agreed statement of facts.

July 1, 1909, the Waterville Trust Company of Waterville, Maine, by decree of the Supreme Judicial Court of Maine, was enjoined from further prosecuting business, and the plaintiffs were then appointed its receivers and duly qualified.

At that time Bertha L. Libby of Pittsfield, Maine, was the owner of record of five shares of the capital stock of said Trust Company of the par value of $100 each.  April 3, 1910, she died, intestate, leaving a surviving husband, and the defendant, Helen M. Libby, as her sole heir.  Her estate was settled by her husband, who was appointed as administrator in April, 1910, and he settled his final account in October, 1911, showing a balance of the estate of $3,592.95, which was distributed, one-third to the surviving husband, and two-thirds to the defendant.

Thereafter, April 29, 1912, upon the petition of the receivers against the corporation, and after notice and hearing, it was adjudged and decreed by a Justice of the Supreme Judicial Court that there was due the depositors of said Trust Company the sum of $107,058.90 in excess of the amount that could be realized from all its assets, and

"That an assessment of one hundred per cent upon the whole capital stock of said Waterville Trust Company, amounting to $100,000, is necessary to be made to meet the claims of said depositors.

"And that the said Charles F. Johnson and Harry L. Holmes in their said capacity as receivers of said Waterville Trust Company be hereby authorized and directed to collect from each owner of record of the stock of said Waterville Trust Company on the first day of July, 1909, the date when the receivers were appointed by this court, a sum equal to the par value of his stock to be used in payment of the claims of said depositors when ordered by the court.

"And that the said Charles F. Johnson and Harry L. Holmes in their said capacity as receivers aforesaid be authorized and directed to institute all necessary proceedings in law or equity to collect the same and enforce this decree."

This action was begun September 27, 1912 to collect of Helen M. Libby the sum of $500 as the assessment of 100 per cent on the five shares of said stock owned by Bertha L. Libby at the time of her death.

The plaintiffs base their right to recover on these propositions: that at the time of the death of Bertha L. Libby there was a contingent liability resting upon her as a shareholder in said Trust Company to pay a sum equal to the par value of her shares if required for the payment of the debts and engagements of the corporation; that that obligation was contractual in its nature and survived her death and became a contingent obligation against her estate; that by the decree of the court of April 29, 1912, that obligation became an absolute liability for a specific amount which then became due and payable from her estate; that her estate having been previously settled and a distributive part thereof received by the defendant, as the only heir of said Bertha L. Libby, in excess of the amount due under that obligation, the defendant became liable therefor; and that the receivers are authorized and empowered to enforce the defendant's liability in this action.

Bertha L. Libby, as a shareholder in the Waterville Trust Company, became liable for the debts and engagements of the corporation to an amount equal to the par value of her shares in addition to the amount invested in those shares. Such an additional liability was expressly provided for in the charter of the corporation. Sec. 6, ch. 401, Private and Special Laws, 1889. It was also imposed by statute. Section 86, ch. 48, R. S., before its amendment in 1905, was as follows: "The shareholders in a trust and banking company

shall be individually responsible, equally and ratably, and not one for the other, for all contracts, debts and engagements of said corporation, to a sum equal to the amount of the par value of the shares owned by each in addition to the amount invested in said shares." This section was amended by chapter 19, P. L., 1905, by adding thereto the following: "Whenever in liquidating the affairs of such a corporation it appears that its assets are not sufficient to pay its indebtedness the receiver thereof, under proper orders of the court, shall proceed to enforce such individual liability of shareholders in any appropriate action at law or in equity, in his own name or in the name of the corporation for the benefit of the creditors."

Every person who voluntarily becomes a shareholder in a corporation thereby agrees to the terms of its charter, and assumes those obligations which the laws of the State creating the corporation impose upon such shareholders. *Pulsifer* v. *Greene,* 96 Maine, 438, 445 and cases cited.

It does not appear whether Bertha L. Libby became the owner of the five shares of the stock of said trust company before or after the amendment of 1905. But that is immaterial, because, if she was a shareholder before, by continuing as such thereafter she thereby accepted the effect of the amendment so far as it applied to her liability as a shareholder. *Flynn* v. *Banking & Trust Co.,* 104 Maine, 141, 145. Moreover, if she was a shareholder before the amendment, it in no manner increased her liability as such. Its only purpose and effect was to provide a different remedy, a different course of procedure, by which the shareholders' liability could be enforced. The Legislature has power to modify or change a remedy, provided no substantial right is thereby impaired. And a shareholder in a corporation has no vested right in a particular remedy by which his liability as such may be enforced against him. A change of remedy, whereby no substantial right is affected, is not obnoxious to the fundamental law which forbids the impairment of contracts.

It may be regarded as well settled that the obligation which the shareholder assumes by becoming a member of the corporation is contractual in its nature, and does not abate at his death but survives, and his estate becomes chargeable therefor. This court in *Pulsifer* v. *Greene,* supra, speaking of such liability said: "The obligation which he thereby assumed though statutory in its origin

was contractual in its nature, and as such not local but transitory. It goes with him wherever he goes, and is enforceable in any court of competent jurisdiction."

In Cook on Corporations (5th Ed.) Vol. 1, Sec. 248, it is said: "The estate of a deceased person is liable upon stock held and owned by the decedent in the same way and to the same extent that the stockholder was liable in his lifetime. Accordingly an executor or administrator of the estate of a deceased stockholder is chargeable upon the shares of the decedent to the extent of the property that comes into his hands as the personal representative of the deceased. The cause of action against a stockholder arising from his statutory liability, is not defeated by his death. The action may proceed against his estate." See also *Richmond* v. *Irons,* 121 U. S., 27; *Fidelity Ins. Trust & S. D. Co.* v. *Mechanics' Sav. Bank,* 97 Fed., 297; *Douglass* v. *Loftus,* 119 Pac., 74, 78 (Kan.). In 3 Thom. Corp., Sec. 3325, the author says: "Where the estate of the deceased shareholder is fully administered, and distribution made by the personal representative, the heirs or next of kin are assessable to the extent of the assets which they have received from the ancestor's estate, for the payment of calls subsequently made upon shares of stock belonging to his estate."

But, conceding the liability of Bertha L. Libby, as claimed, to an assessment on the shares owned by her, and that the defendant, as her heir and a distributee of her estate, might have been made liable therefor, it is contended that the necessary proceedings were not taken to make an assessment which is binding upon her, and that no sufficient order of court was made authorizing the receivers to bring this suit against her. We think these contentions in behalf of the defendant are not sustainable.

In construing the decree of the court of April 29, 1912, all its recitals and provisions are to be considered in order to ascertain its full scope and effect. It recites that it was made upon the petition of the receivers against the corporation, asking the court to ascertain and determine the value of the assets of the corporation remaining in the hands of the receivers, and "to ascertain and determine whether any assessment should be ordered and decreed upon the capital stock of said Waterville Trust Company, and the amount of said assessment." And it shows that after notice and hearing, the

court did ascertain and determine explicitly the amount due the
depositors, the cash remaining in the receivers' hands, the value of
the unsold assets, and that both the cash and value of the unsold
assets would be insufficient to pay the depositors in the sum of
$107,058.90. It was then ordered and decreed by the court as here-
inabove quoted.

We entertain no doubt that by that decree a valid assessment was
made of 100 per cent upon the whole capital stock of the Waterville
Trust Company, including the five shares which stood in the name
of Bertha L. Libby at the time of her death.

It has been repeatedly held that when, in proceedings for the
liquidation of the affairs of a corporation, and for the payment of
its debts and engagements, an assessment is necessary to be made
upon unpaid stock subscriptions and upon the additional liability
which its shareholders have assumed by becoming members of the
corporation as shareholders, the court may make such assessment
in proceedings therefor against the corporation without the presence
of, or personal service upon, the individual shareholders. In such
proceedings the representation which a shareholder has by virtue
of his membership in the corporation is all that he is entitled to.
*Bernheimer* v. *Converse,* 206 U. S., 516, 532; *Howarth* v. *Lombard,*
175 Mass., 570, 577; *Converse* v. *Spargo,* 184 Fed., 324, and *Spargo*
v. *Converse,* 191 Fed., 823. The case last cited is very similar to the
one at bar. In that case, as in this, the assessment was made after
the death of the shareholder, and it was contended in defense of a
suit by the receiver against the executor of the shareholder, that
the assessment was invalid because the proceeding in making the
assessment was conducted in the same manner it would have
been had the shareholder been alive. But that contention was not
sustained, the court holding the assessment valid against the share-
holder's estate, though made after his death. We think that con-
clusion rests in sound reasoning and well established principles.

It has already been noted that it is the accepted theory that in
proceedings for liquidating the affairs of a corporation the share-
holders are sufficiently represented by the corporation itself. Its
presence in theory carries with it the presence of its shareholders.
Prior to the death of Bertha L. Libby the Waterville Trust Com-
pany had become insolvent and proceedings had been begun against

it under the statute to liquidate its affairs. Her liability as a share-holder in that corporation, under the terms of its charter and the laws of the State, became fixed by those proceedings which were binding upon her. She was then liable to pay such assessment not exceeding the par value of her shares, as the court should determine to be necessary to satisfy the debts and engagements of the corporation. The assessment itself was but the determination by the court in those proceedings, commenced in the lifetime of the shareholder, of the deficiency in the assets of the corporation, and hence the amount to be apportioned to each share of stock as the additional sum to be paid by those legally liable therefor. Had Bertha L. Libby been living at the time that part of the proceedings was had to determine the amount of the assessment, she would have been bound thereby without previous personal notice. And as her liability to pay such an assessment as should be made against her shares in those proceedings survived her death, and became a liability of her estate, we perceive no reason why her personal representative or heirs are not likewise bound by the assessment made subsequent to her death without previous notice to them.

It is provided by statute in this State (R. S., ch. 89, secs. 16, 17 and 18) that when an action on a contract or covenant does not accrue within the eighteen months provided for the presentation of claims against an estate, the claimant may file his demand within that time in the probate office, and thereupon the Judge of Probate shall direct that sufficient assets, if such there be, shall be retained by the executor or administrator, unless the heirs or devisees give bond to pay whatever is found due on said claim. And the statute further provides (sec. 18) that, "When such claim has not been filed in the probate office within said eighteen months, the claimant may have remedy against the heirs or devisees of the estate within one year after it becomes due, and not against the executor or administrator."

The liability of Bertha L. Libby at the time of her death to an assessment, as a shareholder in the trust company, did not accrue until April 29, 1912, when the court decreed that a resort to the statutory liability of the shareholders was necessary and fixed the amount thereof. *Flynn* v. *Banking & Trust Co.,* supra. That was after the expiration of the eighteen months during which claims

could have been presented against the estate of Bertha L. Libby. Nor was any 'demand, under said contingent liability, filed in the probate office within said eighteen months. But this action is brought, as provided for in said sec. 18, ch. 89, against the heir of Bertha L. Libby within one year after the decree of April 29, 1912, fixing the amount of the assessment.

Finally, the defendant says, that the decree of the court of April 29, 1912, authorized the receivers to collect the assessment of those persons only who were owners of stock of record on the first day of July, 1909, and therefore that the receivers have no authority to maintain this action against her, notwithstanding her liability for such assessment as the heir and distributee of her mother's estate.

We think such a construction of the decree is too narrow and limited. To sustain it would require a holding that the decree did not impose an assessment upon the whole capital stock of the trust company, for if by the decree the whole capital stock was assessed, then this suit is abundantly authorized by the last paragraph of the decree wherein the receivers were authorized and directed "to institute all necessary proceedings in law or in equity to collect the same and enforce this decree."

But we have already stated the opinion of the court to be that this decree reasonably construed, giving effect to all its parts, did impose an assessment upon the whole capital stock of the trust company. And we need here only add that it appears from the decree itself that in the proceedings to liquidate the affairs of this banking corporation the court was called upon to determine the necessity for and the amount of an assessment upon the capital stock of the corporation to pay the claims of its depositors, and that it did judicially ascertain and expressly decree that "an assessment of one hundred per cent upon the whole capital stock  .  .  .  is necessary to be made to meet the claims of said depositors." Such determination and decree, we think, may reasonably be construed to be in effect such an assessment. No other construction would be consistent with the adjudged necessity in the premises, and the manifest purpose of the decree. It was clearly so intended by the Justice who signed it.

Moreover, it is expressly provided by sec. 86, ch. 48, R. S., amended by chapter 19, P. L., 1905, as hereinbefore quoted, that

whenever in liquidating the affairs of a trust and banking company "it appears" that its assets are not sufficient to pay its indebtedness "the receiver thereof, under proper orders of the court, shall proceed to enforce such individual liability of shareholders in any appropriate action at law or in equity, in his own name or in the name of the corporation. for the benefit of the creditors." Under the provisions of this section the receivers in the case at bar were not only authorized but commanded to enforce the defendant's liability, under proper orders of the court, in any appropriate action at law or in equity. Considering the provisions of this statute in connection with the decree of April 29, 1912, it seems a reasonable conclusion that the receivers of the Waterville Trust Company were authorized to bring this action against the defendant.

Accordingly it is the opinion of the court that the plaintiffs are entitled to judgment against the defendant for $500 with interest from the date of the writ.

*So ordered.*