[Civ. No. 3685.  Second Appellate District, Division One.—August 8, 1921.]

GEOFFREY TEIGNMOUTH CLARKSON, as Liquidator, etc., Respondent, v. GEORGIANA ESTHER MOIR, Appellant.

GEOFFREY TEIGNMOUTH CLARKSON, as Liquidator, etc., Respondent, v. LYDIA M. MOIR, Appellant.

[1] APPEAL—SUFFICIENCY OF EVIDENCE—ABSENCE OF SPECIFICATIONS OF PARTICULARS.—Where the bill of exceptions presented on appeal from a judgment contains no specifications of particulars wherein the evidence is claimed to be insufficient to justify the findings, the question of the sufficiency of the evidence to sustain the findings cannot be considered by the appellate court.

[2] PLEADING — MISTAKE IN INITIAL OF DEFENDANT — AMENDMENT — TIME.—Where through mistake and inadvertence the middle initial of a party defendant is erroneously inserted in the original complaint, the court may permit the plaintiff to file an amended complaint correcting such error, and the action against that party will be regarded as having been commenced against her at the time when the original complaint was filed.

[3] JURISDICTION—LIQUIDATION OF CANADIAN BANKING CORPORATION— SERVICE OF PROCESS — JUDGMENT. — The rule that jurisdiction to render a judgment personally enforceable against the defendant must be founded upon personal service of process within the state or country to which the jurisdiction of such court is confined is not applicable to proceedings in the supreme court of Ontario, in the Dominion of Canada, conducted under the "Winding-Up Act," and amendments thereto, of that country, for the purpose of liquidating the affairs of a Canadian banking corporation.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frederick W. Houser, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Williams & Williams for Appellant.

Donald Barker and Wm. H. Neblett for Respondent.

CONREY, P. J.—Separate actions were brought against appellants and judgments rendered against each of them, from which judgments they have appealed.  In accordance

with stipulations of the parties, the appeals are presented on one bill of exceptions and record. Each of the defendants was held liable to pay to the plaintiff, as liquidator of the Sovereign Bank of Canada, an amount equal to the par value of the shares held by her in that bank, a corporation which became insolvent. The recovery was based upon the insolvency of the corporation and resulting proceedings and judgment of the supreme court of Ontario, in the Dominion of Canada, as set forth in the amended complaint. The proceedings in the supreme court of Ontario were conducted under the "Winding-Up Act," and amendment thereto, of the Dominion of Canada. In the judgment rendered in those proceedings, each of the defendants was designated as contributory, and settled upon the list of contributories for a stated amount, and a call was thereby made for the full amount for which the contributory named was settled upon the list of contributories.

The present actions were commenced on the twenty-sixth day of January, 1916. The answers of the defendants, in addition to denials of some of the allegation in the complaints, alleged that the bank became insolvent on or about the eighteenth day of January, 1908, and that the actions were barred by the provisions of section 359 of the Code of Civil Procedure. Under the provisions of that section, an action brought against a stockholder of a corporation to enforce a liability created by law must be brought within three years after the liability was created. In *Royal Trust Co.* v. *MacBean*, 168 Cal. 642, [144 Pac. 139], which was an action similar to those now under consideration, it was held that "The liability was created, at the latest, upon the beginning of the *status* of insolvency, and the three year period of limitation began to run then."

In the present actions, the court found that all of the allegations of the amended complaint are true; and that the bank did not become insolvent until ninety days after the thirtieth day of June, 1913. [1] Appellants contend that the corporation, in fact, became insolvent at the time stated in their answers. We must decline to examine the evidence for the purpose of questioning the findings of fact. The bill of exceptions contains no specifications of particulars wherein the evidence is claimed to be insufficient to justify any of the findings. In the absence of such speci-

fications, the question of the sufficiency of the evidence to sustain the findings cannot be considered on appeal from the judgment. This rule extends to the review of proceedings on motion for a new trial where the record is brought up by a bill of exceptions. (*Mills* v. *Brady*, 185 Cal. 317, [196 Pac. 776]; *Beeson* v. *Schloss*, 183 Cal. 618, [192 Pac. 292]; *Millar* v. *Millar*, 175 Cal. 799, [Ann. Cas. 1918E, 185, L. R. A. 1918B, 415, 167 Pac. 394].)

[2] On behalf of appellant, Lydia M. Moir, it is claimed that the action against her is barred for the additional reason that the action was originally commenced against another party, and that this appellant was not made a party defendant until May, 1917; also that the court erred in permitting substitution of appellant in place of the original sole defendant in the action. For the reasons hereinabove stated, we can consider this point only to the extent that the facts appear in the judgment-roll. As shown by the original complaint, the action was commenced against Lydia *F.* Moir. In the amended complaint, the defendant is named as Lydia *M.* Moir (sued herein as Lydia *F.* Moir). The second amended complaint begins thus: "Comes now the plaintiff and by leave of court amends his complaint herein and for cause of action against the defendant Lydia M. Moir, (who was originally sued herein as Lydia F. Moir), alleges": In her answer, appellant alleged that she has never been known as Lydia F. Moir, and that the person originally sued herein under that name is her mother. But the court found that the person sued and intended to be sued herein was and is the defendant Lydia M. Moir; that there was no substitution of one defendant for another, but that by mistake and inadvertence the middle initial of the defendant was erroneously inserted in the original complaint and summons as "F" instead of "M," and that the complaint was amended accordingly when said mistake was discovered. We have no doubt that an error of this kind may be corrected and that the action should be regarded as having been commenced against appellant at the time when the original complaint was filed. (*Allison* v. *Thomas*, 72 Cal. 562, [1 Am. St. Rep. 89, 14 Pac. 309].) In 15 Ann. Cas. 117, numerous cases are cited in support of the proposition that "the weight of authority seems to be that, in civil proceedings, a mistake made in the middle initial of a name by

the insertion of an erroneous initial for the correct one is immaterial and should be disregarded.''

Appellants next suggest that the insolvency of the bank as early as 1911 is established by the finding of the court that certain circular letters to shareholders were sent out by the general manager of the bank as alleged in the answer of appellants. But the findings of the court that certain specified allegations of the answers are untrue included the alleged facts concerning the laws of Canada, upon which appellants relied. Since these findings must be accepted as establishing the facts of the case, the only law by which the question of insolvency of the bank may be tested consists of the statutory provisions contained in the complaint. It must therefore be accepted to be true, as found by the court, that the bank did not become insolvent until ninety days after the thirtieth day of June, 1913.

[3] Finally, it is claimed that the proceedings, orders, and judgment in the insolvency matter in the supreme court of Ontario were without jurisdiction as against appellants because appellants were not served with notice of those proceedings at any place within the jurisdiction of that court. Appellants claim the benefit of the rule that jurisdiction to render a judgment personally enforceable against the defendant must be founded upon personal service of process within the state or country to which the jurisdiction of such court is confined. (*Pennoyer* v. *Neff*, 95 U. S. 714, [24 L. Ed. 565, see, also, Rose's U. S. Notes]; *Belcher* v. *Chambers*, 53 Cal. 635, and numerous other decisions.) In the cases at bar the court found that it is true that as to whatever notices, summons, processes, or pleadings mentioned in the complaints as having been served upon the defendants, such services were made upon them while they were residents of and within the state of California and not while they were residents of and actually within the Dominion of Canada.

The rule relied upon by appellants is not applicable to proceedings of the nature of those here in question. Such seems to be the effect of the decisions in which the subject has been considered. So far as we are advised, the question has not been determined by the courts of California. A leading case is *Howarth* v. *Lombard*, 175 Mass. 570, [49 L. R. A. 301, 56 N. E. 888]. That was an action brought in

a court of Massachusetts by the plaintiff as receiver of a bank in the state of Washington, to recover the amount of an assessment levied by the superior court of the state of Washington upon the defendant as a stockholder. Defendant had not been personally served with process in the state of Washington in the proceedings there in which the assessment was made. The principles governing the matter of jurisdiction in such cases were extensively discussed in the Massachusetts decision and were applied to the particular case as follows: "In the case at bar a receiver of the Traders' Bank has been appointed, the amount of its assets and liabilities has been judicially determined, the necessity for an assessment upon stockholders and the amount of the required assessment have been ascertained, an assessment upon all stockholders has been made, and the receiver, who is to hold this fund in trust for creditors, has been directed to collect it. We see no injustice to the defendant in holding him here to the performance of the obligation which he voluntarily assumed in another state. The question arises, how far these proceedings in the court of Washington are binding on the defendant. The stockholders must be assumed to have understood the statute from the first as it has been construed by the court. They must be presumed to have agreed that on the insolvency of the corporation a receiver might be appointed by the court, and the affairs of the corporation administered, and the amount of its assets and liabilities determined, and the deficiency ascertained under the order of the court, and an assessment to meet this deficiency made ratably upon all who were then stockholders. This is the only proper way of accomplishing the object of the statute, and the statute as construed by the local courts, means this as plainly as if every part were expressed. Under the statute the stockholders impliedly agreed that, if their subscriptions were in part unpaid when they were needed for creditors, they would pay the balance to the corporation or its legal representative, and that if more was needed they would also pay their proper share, up to the amount of their subscriptions, to the trustee of this additional fund, for the benefit of creditors. The determination of the question involved is a part of the proceedings of the court in the administration of the affairs of a local insolvent corporation. The court of Washington, acting

under its general authority in such administration, is the only tribunal which has jurisdiction to determine the amounts due creditors, and to collect and apply the assets of the corporation. The undertaking of the stockholders relates directly to the payment of amounts so to be ascertained. The ascertainment is like a common case of a judgment against a corporation, which is binding on stockholders. The members of such corporations, as well as the corporations themselves, are within the jurisdiction of the local court, so far as is necessary for the determination of the rights and liabilities of the corporation and its members among themselves. In reference to this kind of liability such decisions and orders are binding on stockholders who are not before the court otherwise than by virtue of their membership in the corporation.'' (Citing cases.) ''That such adjudications are binding upon absent stockholders in reference to assessments for unpaid subscriptions has often been expressly decided.''

The same subject was considered in *Bernheimer* v. *Converse,* 206 U. S. 516, [51 L. Ed. 1163, 27 Sup. Ct. Rep. 755, see, also, Rose's U. S. Notes]. That was an action originating in the circuit court of the United States for the southern district of New York, wherein the receiver of a corporation of the state of Minnesota sought to recover upon the alleged stockholder's liability under the constitution and laws of the state of Minnesota. The action was based upon an order made at the instance of the receiver in the Minnesota court having jurisdiction of the receivership. This order fixed the amount of assessment declared to be necessary against each and every share of the capital stock, and authorized the receiver to prosecute actions or proceedings against the persons liable in any court having jurisdiction in the state of Minnesota or elsewhere. Notices of hearing of the receiver's petition had been published, mailed, and served, as required by order of the court, but had not been personally served upon the stockholders who were defendants in the action brought by the receiver in the federal court. The matter having been brought before the supreme court of the United States on writ of error, that court sustained the judgment of the circuit court, and upheld the validity of the proceedings declaring the assessment. Referring to the proceeding in the action wherein the assess-

ment was made, the court said: "The proceeding has for its purpose the liquidation of the affairs of the corporation, the collection and application of its assets and other liabilities which may be administered for the benefit of creditors. In such case it has been frequently held that the representation which a stockholder has by virtue of his membership in the corporation is all that he is entitled to. It was so held in a well-considered case in Massachusetts (*Howarth* v. *Lombard,* 175 Mass. 570, [49 L. R. A. 301, 56 N. E. 888]). And it has been held in cases in this court that when an assessment is necessary to be made upon unpaid stock subscriptions for the benefit of creditors, the court may make the assessment without the presence or personal service of stockholders. (*Hawkins* v. *Glenn,* 131 U. S. 319, [33 L. Ed. 184, 9 Sup. Ct. Rep. 739]; *Great Western Tel. Co.* v. *Purdy,* 162 U. S. 329, 336, [40 L. Ed. 986, 990, 16 Sup. Ct. Rep. 810].)" In *Converse* v. *Hamilton,* 224 U. S. 243, [Ann. Cas. 1913D, 1292, 56 L. Ed. 749, 32 Sup. Ct. Rep. 415, see, also, Rose's U. S. Notes], referring to proceedings under the laws of the state of Minnesota wherein a court there, at the instance of the receiver, had levied an assessment against stockholders who were not made parties to the sequestration suit, and were not notified otherwise than by publication or by mail of the applications for the orders levying the assessments, the supreme court of the United States said: "The constitutional validity of chapter 272 has been sustained by the supreme court of the state, as also by this court; and this because (1) the statute is but a reasonable regulation of the mode and means of enforcing the double liability assumed by those who become stockholders in a Minnesota corporation; (2) while the order levying the assessment is made conclusive, as against all stockholders, of all matters relating to the amount and propriety of the assessment and the necessity therefor, one against whom it is sought to be enforced is not precluded from showing that he is not a stockholder, or is not the holder of as many shares as is alleged, or has a claim against the corporation which, in law or equity, he is entitled to set off against the assessment, or has any other defense personal to himself, and (3) while the order is made conclusive as against a stockholder, even although he may not have been a party to the suit in which it was made, and may not have been notified that

an assessment was contemplated, this is not a tenable objection, for the order is not in the nature of a personal judgment against the stockholder, and as to him is amply sustained by the presence in that suit of the corporation, considering his relation to it and his contractual obligation in respect of its debts.''

In *Johnson* v. *Libby*, 111 Me. 204, [Ann. Cas. 1916C, 681, 88 Atl. 647], it was likewise held that ''when, in proceedings for the liquidation of the affairs of a corporation and for the payment of its debts and engagements an assessment is necessary to be made upon unpaid stock subscriptions and upon the additional liability which its shareholders have assumed by becoming members of the corporation as shareholders, the court may make such assessment in proceedings therefor against the corporation without the presence of or personal service upon the individual shareholders. In such proceedings the representation which a shareholder has by virtue of his membership in the corporation is all that he is entitled to.''

In the cases at bar no attempt was made by either of the defendants to show that she was not a stockholder, or that she was not the holder of the alleged number of shares, or that she had any claim against the corporation which in law or equity she was entitled to set off against the assessment, or that there was any other defense personal to herself. Appellants, therefore, are not in a position to claim that they were denied any of the rights to which they might have been entitled under the most favorable construction of the law as stated in the foregoing decisions.

The judgments are affirmed.

Shaw, J., and James, J., concurred.