[Civ. No. 9529. Second Appellate District, Division One.—January 27, 1936.]

E. H. LUIKART, Receiver, etc., Appellant, v. G. E. Mc-DONALD, Respondent.

Thomas A. Sanson and Thomas T. Robinson for Appellant.

Denio, Hart, Taubman & Simpson for Respondent.

HOUSER, P. J.—From the record herein it appears that the judgment upon which the instant appeal is predicated was rendered by the trial court pursuant to an order of dismissal of an action that was brought by a statutory receiver of an insolvent Nebraska bank against one of its stockholders to recover a judgment against him.because of his statutory liability as such stockholder. It also appears that the order of dismissal of the action was made in response to a motion to that effect that was presented by defendant and was based, not only upon the ground that plaintiff had not "the legal capacity to sue"; but also "on the further ground that a special statutory remedy given by the laws of another state, for enforcing the statutory liability of the stockholders of a corporation organized under its laws, limits the liability, and where such remedy is not afforded by the laws of this state, the liability of the stockholders of such corporation cannot be enforced in this state against resident stockholders thereof".

In substance, the principal question presented on the appeal is whether a foreign statutory receiver of an insolvent corporation may sue a stockholder thereof, resident in this state, on account of the statutory liability of such stockholder. In principle the question is not new. Throughout the many

jurisdictions within the United States, repeatedly it has been decided; and although in that regard the authorities are not entirely harmonious one with the other or the others, the weight of judicial opinion is largely in favor of the affirmative. In itself, to even cite the many cases that bear directly upon the issue here presented would be a task of some proportions; but to enter upon a statement of the particular facts that were involved in each of such cases and to attempt to either harmonize the respective conclusions reached therein, or to distinguish the various cases that favor the right of a statutory receiver to sue in a state other than that in which he received his appointment, from those that reject that principle, would require the expenditure of energy that would not be compensated by the result thereby to be obtained. Suffice it to say that, after due consideration having been given by this court to the pertinent general authorities, and especially to those of this state that bear directly upon the issue here presented, it is concluded that not only does the right of the foreign statutory receiver to sue in this state on a claim of stockholder's liability obtain by reason of comity, but as well, where local creditors would not be prejudiced thereby, to refuse the exercise of such right would be in contravention of the full faith and credit clause of the federal Constitution. (*Ferguson* v. *Sherman,* 116 Cal. 169 [47 Pac. 1023 [37 A. L. R. 622]; *Smith* v. *Shepler,* 8 Cal. App. (2d) 717 [48 Pac. (2d) 999]; *Royal Trust Co.* v. *MacBean,* 168 Cal. 642 [144 Pac. 139]; *Wright* v. *Phillips,* 60 Cal. App. 578 [213 Pac. 288]; *Clarkson* v. *Moir,* 53 Cal. App. 775 [201 Pac. 474]; *Bernheimer* v. *Converse,* 206 U. S. 516 [27 Sup. Ct. 755, 51 L. Ed. 1163]; *Converse* v. *Hamilton,* 224 U. S. 243 [32 Sup. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292]; 14 Cor. Jur. 998; Fletcher on Corporations, permanent ed., vol. 13, pp. 1036, 1037, 1038.)

Respondent urges the point to the effect that by the provisions of the Nebraska law the remedy there prescribed is special, and for that reason is unenforceable in this state. The only basis for respondent's contention in that regard is that by the Nebraska laws the receiver is authorized to sue on a stockholder's liability for the benefit of creditors, and that no such specific remedial right obtains under the procedure in force in the state of California. In that connection,

it is noted that the pertinent language of the Nebraska constitutional provision is as follows:

"Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to his respective stock or shares so held, . . . and the receiver of said corporation or institution shall have full right and lawful authority, as such receiver, forthwith to proceed by action in court to collect such liabilities; . . . "

It is clear that where a corporation fails to pay its debts, a law by the provisions of which a creditor of the corporation is authorized to sue its stockholders for the purpose of compelling them to pay such debts, constitutes the remedy. (Pomeroy, Code Remedies, p. 2, sec. 2; Bancroft, Code Practice & Remedies, vol. 1, p. 181.) Obviously, the procedure that may be provided for the enforcement of such remedy is separate and distinct from the remedy itself; and the mere designation of a person who likewise may be authorized to institute a proceeding or an action in regard to such enforcement of the remedy works no change in the basic right of the creditor. (*Bernheimer* v. *Converse,* 206 U. S. 516 [27 Sup. Ct. 755, 51 L. Ed. 1163]; *Converse* v. *Hamilton,* 224 U. S. 243 [32 Sup. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292]; *Henley* v. *Myers,* 215 U. S. 373 [30 Sup. Ct. 148, 54 L. Ed. 240]; *Luikart* v. *Spurck,* 1 Fed. Supp. 53.) An examination of the language of the constitutional provision in question discloses the situation that no special remedy, or even procedure, as such, is required for the enforcement of the liability of a stockholder. Providing that the necessary action shall be maintainable by a receiver, rather than by a creditor or creditors, has not the effect suggested by the respondent. The remedy afforded the creditor, through a receiver, to wit, that of compelling the stockholder to pay his debt, is not altered. Nor is the form of action provided by existing law modified in any particular. The right of enforcement of a contractual liability is simply lodged in a statutory officer in place of some private individual creditor who eventually may be benefited by the judgment sought to be obtained. Stockholder's liability is in the nature of an asset of the corporation as far as its creditors are concerned, and manifestly, it is immaterial whether a creditor sue the stockholder directly, or whether some other person sue in behalf of the

creditor and for his benefit. ■ By well-settled law, it has been determined that the liability is contractual in character; and by many authorities, including that of *Ferguson* v. *Sherman,* 116 Cal. 169 [47 Pac. 1023, 37 L. R. A. 622] (wherein the authorities are reviewed), where that condition exists with reference to a claim that has arisen in one state, ordinarily an action upon such a liability may be maintained in any state where personal service of the complaint and summons in the action may be obtained on the defendant therein. (See 5 Cal. Jur. 467, 468; *Aldrich* v. *Anchor C. & D. Co.,* 24 Or. 32 [32 Pac. 756, 41 Am. St. Rep. 831]; 14 Cor. Jur., p. 994, sec. 1538; secs. 177–180, Michie on Banks and Banking.) Nor do the facts in the instant case present a situation that would justify the announcement of an exception to that rule.

It follows that the judgment should be, and it is, hereby reversed.

York, J., and Doran, J., concurred.